IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
CASEY HUDSON,                    )
                                 )
     Plaintiff,                  )
                                 )    CIVIL ACTION NO.
     v.                          )       1:10cv914-MHT
                                 )          (WO)
GRIZZLY INDUSTRIAL, INC.,        )
                                 )
     Defendant.                  )
```

OPINION AND ORDER

Plaintiff Casey Hudson charged that he sustained injuries from a saw manufactured by defendant Grizzly Industrial, Inc. and asserted, in state court, a workers' compensation claim against his employer as well as tort claims against Grizzly Industrial.  The state court severed Hudson's workers' compensation claim from his tort claims.  Grizzly Industrial then removed this case, involving the tort claims, from state to federal court based on diversity-of-citizenship jurisdiction.  See 28 U.S.C. §§ 1332, 1441.  This lawsuit is now before the court on Hudson's motion to amend his complaint to add a

defendant.  Hudson seeks to add Robert Crumpler as a defendant.  As the court explained to the parties, if Crumpler is added, diversity-of-citizenship will be destroyed because Hudson and Crumpler are both citizens of Alabama, meaning that the case will be remanded back to state court.

Under 28 U.S.C. § 1447(e), a district court has discretion in deciding whether to permit joinder of a diversity-destroying defendant.  This subsection provides:

> "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court."

28 U.S.C. § 1447(e).

In determining whether joinder is appropriate under § 1447(e), the court balances the equities involved. Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), cert. denied, 493 U.S. 851 (1989).  "[T]he court should consider the extent to which the purpose of the

amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Id.

Applying the considerations articulated in Hensgens, the court concludes that Crumpler should be added as a defendant. First, it appears that Hudson desires to pursue a proper claim against Crumpler. Hudson charges that Crumpler was a supervisory employee at his place of employment at the time of his injury; that Crumpler owed Hudson a duty to make certain that the saw's two guards were installed appropriately so as to prevent a serious injury; that Crumpler also had a duty to provide Hudson with a safe place to work; and that Hudson breached these duties by removing or by failing to install one or both of the saw's guards.

Second, counsel for Hudson represents that they did not learn about Crumpler's involvement in Hudson's

3

injuries until about a month ago. Thus, while it is true that Hudson waited about eight months before seeking to amend his complaint, he has not been dilatory.

Third and finally, it would also be in the best interest of all parties if the claims against Grizzly Industrial and Crumpler were tried by the same factfinder.

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) Plaintiff Casey Hudson's motion to amend his complaint (doc. no. 15) is granted.

(2) This lawsuit is remanded to the Circuit Court of Coffee County, Alabama.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand. This case is closed in this court.

DONE, this the 12th day of April, 2011.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE